HERBERT SACHS v. THE DANBURY NATIONAL BANK, TRUSTEE (WILL OF EDGAR T. FIELD), ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 6—decided December 5, 1945.

*Frank J. Culhane,* with whom, on the brief, was *John Keogh,* for the plaintiff (appellant).

*Burton F. Sherwood,* for the defendants (appellees).

JENNINGS, J. The plaintiff sued the defendants for a broker's commission for the sale of real estate in

Redding. The trial court found that the plaintiff was not the procuring cause of the sale and gave judgment for the defendants. The only substantial issue on appeal is whether the finding as made or corrected supports this conclusion. There was little dispute regarding the facts. The main controversy concerned the inferences to be drawn therefrom.

The best case which can be made for the plaintiff amounts to this: He was an agent, not exclusive, to sell property belonging to the defendants. He interested Duane Jones in the proposition and did considerable work of an unusual character late in 1940 and early in 1941 to bring about a sale at the asking price of $11,000, later reduced to $10,000. His efforts were unsuccessful and his negotiations with Jones ceased in March, 1941, although he continued his efforts to sell the property until he learned of its sale. About a year later, Jones met Dorothy Couch in connection with the purchase of land in Washington, Connecticut. She was a real estate broker and presumptive heir to the property involved in this action. She secured a price of $7500 net from the owners and brought about the sale of the property to Jones at that figure. No commission was paid to anyone. The price was lowered by the owners because of war restrictions and because the property was producing no income. A year after the sale, the plaintiff learned of it and demanded his commission.

There is some question on these facts whether a judgment for the plaintiff could be sustained. *Rosenfield* v. *Wall*, 94 Conn. 418, 109 Atl. 409; *Murphy* v. *Linskey*, 94 Conn. 475, 109 Atl. 412. There is none that the court reasonably could have found that the plaintiff was not the procuring cause of the sale. ". . . the mere fact that the plaintiff brought the purchase of this property to the attention of [a prospec-

tive purchaser] and that over two months later she purchased it, does not of itself furnish a sufficient basis from which the inference must necessarily follow that the plaintiff was the procuring cause of the sale." *Rosenfield* v. *Wall,* supra, 421. The issue was at least one of fact for the trial court. This is the basic ruling in *Housatonic Valley Ins. Agency, Inc.* v. *Klipstein,* 125 Conn. 274, 5 Atl. (2d) 16, relied on by the plaintiff, and in *Roche* v. *Curtin,* 131 Conn. 66, 37 Atl. (2d) 805.

There is no error.

In this opinion, MALTBIE, C.J., ELLS and DICKENSON, Js., concurred.

BROWN, J. (concurring). I concur in the decision that there was no error, because I regard the court's finding that "as a result of the negotiations between Mrs. Couch and Fred Jones, Duane Jones bought the property from the defendants," which stands unchallenged upon this appeal, as sufficiently conclusive to require this result.