SARA E. NEVILLE *v.* CHARLES YAKNUNAS ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 5—decided March 6, 1946.

*John W. Joy,* with whom was *Dennis P. O'Connor,* for the appellant (plaintiff).

*Thomas F. Gallivan, Jr.,* for the appellees (defendants Yaknunas).

*Milton H. Nahum,* for the appellee (defendant Esther Hurowitz).

DICKENSON, J. The controlling issue presented is whether the trial court was justified in its conclusion that the plaintiff, a real estate broker, was not the procuring cause in the sale of the property of the defendant Mrs. Esther Hurowitz to the defendants Charles and Ignas Yaknunas.

With few exceptions, the changes in the finding claimed by the plaintiff find support in her testimony alone. The trial court, of course, could disbelieve this. The facts, with such corrections as the plaintiff is entitled to, may be briefly summarized as follows: The plaintiff, a real estate broker, at the request of the defendant Mrs. Hurowitz listed her properties for sale at an agreed commission. Among them was an apartment house on Clark Street in Hartford. The plaintiff was not an exclusive broker, as other brokers also had the properties for sale. In May, 1943, the defendant Charles Yaknunas inquired of the plaintiff about the Clark Street property and was shown it by her in company with Mrs. Hurowitz. Charles was given a price of $14,500, $4000 in cash and the balance

in a purchase-money mortgage, the terms of which were not discussed. Other properties were shown Charles at the same time. No offer was made by him and no further effort was made by the plaintiff to interest him in the property, nor did the plaintiff consult Mrs. Hurowitz further about it. Charles ceased, for the time at least, to consider the purchase of property and used the cash he had on hand to pay off various mortgages on his own properties.

In November, 1943, Ignas Yaknunas, a brother of Charles, learned from a tenant that the Clark Street property was for sale, inquired of Mrs. Hurowitz what the price was and was told it was $14,000. He made her an offer of $13,000, $5000 in cash, and made an appointment with her to examine the property. Unable to keep the appointment because of illness, Ignas arranged for another appointment through his brother Charles. This was the first time that Charles knew Ignas was interested in the property. In December, 1943, Charles and Ignas in company with Mrs. Hurowitz went over the property and Ignas made an offer of $13,000, which was not accepted. Charles did not join in the offer. In January, 1944, Mrs. Hurowitz met Charles on the street and informed him that she would reduce the sale price by $100. Nothing came of this, and negotiations were not reopened until, on February 26, 1944, Mrs. Hurowitz called at the home of Charles, where Ignas was visiting, and the parties conferred and finally agreed upon a sale at a price of $13,300. Two days later Mrs. Hurowitz and the two brothers entered into a bond for a deed whereby it was agreed that the property was to be conveyed to the brothers on payment of $4000 cash and execution of a purchase-money mortgage of $9300 with interest at 5 per cent and semiannual payments on the principal until paid in full. The instrument contained a

clause that if any agent should claim a commission the purchasers and not the seller should be responsible for it. On March 15, 1944, the property was transferred. Ignas did not know of any previous business dealings of his brother Charles with the plaintiff until after the purchase. While some of these statements are difficult of belief, and from the finding it appears that the court disbelieved the defendants in important respects, the trial court is the final judge of credibility and may disbelieve a witness as to part of his testimony and accept it in other respects. *Craney* v. *Donovan*, 92 Conn. 236, 246, 102 Atl. 640.

The plaintiff first brought the property to the attention of Charles Yaknunas, and, had the later execution of the bond for a deed and the sale of the property followed without break in the chain of causation, the plaintiff might well have been found to be entitled to a commission. *Fisher* v. *Hanson*, 99 Conn. 703, 706, 122 Atl. 906; *DeToro* v. *Cannata*, 114 Conn. 712, 713, 157 Atl. 270. The claim of the plaintiff is that the conclusions of the trial court that negotiations had been broken off and that she was not the procuring cause of the sale are not supported by the facts. The question of procuring cause is one of fact for the trial court and its judgment is conclusive unless contrary to or unsupported by the subordinate facts, or in conflict with the settled rules of logic and reason, or found in violation of some rule or principle of law. See *Roche* v. *Curtin*, 131 Conn. 66, 68, 37 Atl. (2d) 805, and cases therein cited. No violation of a rule or principle of law is involved in the case before us and the question is whether the trial court, reasonably and logically, could have reached its conclusion upon the subordinate facts. We cannot say that it could not reasonably have concluded from these facts that the effect of the plaintiff's efforts had been spent

and that the sale was brought about through a new interest in the property created in Charles Yaknunas by an independent cause. *Sachs* v. *Danbury National Bank,* 132 Conn. 424, 425, 45 Atl. (2d) 123; *Rosenfield* v. *Wall,* 94 Conn. 418, 423, 109 Atl. 409; *Murphy* v. *Linskey,* 94 Conn. 475, 478, 109 Atl. 412.

There is no error.

In this opinion the other judges concurred.