## DORIS ARMSTRONG *v.* IRVING WATROUS

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued June 6—decided July 17, 1951

*Charles V. James,* for the appellant (defendant).

*John E. Shields,* for the appellee (plaintiff).

O'SULLIVAN, J. This is a bastardy action wherein the court found the issues for the plaintiff. The defendant has appealed from the judgment rendered thereon.

The court found the following facts: The parties be-

came acquainted in the summer of 1947. They kept company with each other from then until the latter part of June, 1948, and during that period the plaintiff did not associate with other men. In the early part of 1948 they planned to be married immediately after the plaintiff reached her eighteenth birthday. From the spring of 1948 they engaged in acts of sexual intercourse, the last occasion being on June 20, 1948. The plaintiff underwent an operation for the removal of her appendix and a cyst on July 16, 1948. Two or three days thereafter, an intern at the hospital advised her that she was pregnant. She told nobody of her plight until January, 1949, when she informed her sister-in-law and brother of her pregnancy and that the defendant was the father of the child. Thereafter, she repeated this accusation to other members of her family and has ever since been constant and consistent in the accusation. At no time, however, did she mention her condition to the defendant, although she had several opportunities to do so. In her complaint before the justice of the peace, she alleged that she was "pregnant with a child of her body, begotten on or about May 15th, 1948, at said Norwich by Irving Watrous." During the hearing before the justice, she testified that her last menstrual period was on June 17 or 18, 1948, and that the last occasion upon which she had had intercourse with the defendant was on June 4 or 5.

The defendant's attack on the finding is futile, since the facts which he seeks to have stricken were supported by evidence, and other material facts which he seeks to have added were neither admitted nor undisputed. Practice Book § 353. To be sure, there was a sharp inconsistency between the plaintiff's testimony before the justice of the peace and that submitted to the court. The date given to the former of the final act of intercourse, June 4 or 5, coupled with the date of

the plaintiff's last menstrual period, June 17 or 18, would, by the law of nature, destroy the possibility that the defendant was the father of the child. The plaintiff's testimony before the court, however, that the last act of intercourse occurred on June 20 would permit the conclusion which was reached. The memorandum of decision, to which we may turn for a better understanding of the basis of the decision, shows that the court fully appreciated the importance of the inconsistencies. See *Goldblatt* v. *Ferrigno*, 138 Conn. 39, 40, 82 A. 2d 152; *Norwalk* v. *Trombetta*, 137 Conn. 318, 321, 77 A. 2d 77. It took them into consideration, as was its duty, before concluding that the plaintiff's testimony was trustworthy. We have repeatedly held that the power to accord or deny credibility to a witness is an exclusive function of the trier. *Neville* v. *Yaknunas*, 132 Conn. 627, 630, 46 A. 2d 342. It is subject to review only when the power has been abused. The case had its weaknesses, but the evidence was ample to support the court's conclusions. See *Higley* v. *Bostick*, 79 Conn. 97, 98, 63 A. 786.

The defendant has stressed the importance of the plaintiff's failure to accuse him as the author of her pregnancy until shortly before the child was born. There can be little doubt that this failure was significant. Constancy of accusation, however, was not an essential element of her case. *Mosher* v. *Bennett*, 108 Conn. 671, 675, 144 A. 297. Section 8179 of the General Statutes merely makes such accusations competent evidence. *Palmieri* v. *Arnone*, 114 Conn. 711, 712, 157 A. 270. Though hearsay, they are admissible to corroborate a plaintiff's testimony in open court. *State* v. *Segerberg*, 131 Conn. 546, 550, 41 A. 2d 101. The long lapse of time which occurred before the plaintiff made her accusation against the defendant merely went to the question of credibility. That the court properly

considered this long delay is borne out by a comment in its memorandum. "Her failure to admit her condition for several months," it recites, "may be accounted for by her youth and a natural timidity toward admitting her indiscretion, even to members of her family."

There is no error.

In this opinion the other judges concurred.