GORDON H. CLARK *v.* HOWARD W. HAGGARD ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, JS.

Argued October 7—decided November 9, 1954

*Charles M. Lyman,* for the appellants-appellees (defendants).

*Curtiss K. Thompson,* with whom, on the brief, was *William J. Ryan, Jr.,* for the appellant-appellee (plaintiff).

DALY, J. The plaintiff brought this action to recover damages for false representations alleged to have been made by the defendants in connection with the sale of their land to him. The trial court rendered judgment for the plaintiff to recover from the defendants $5977.50 in damages, and the defendants have appealed. The plaintiff has also appealed.

The pertinent facts in the finding, which is not subject to correction, are as follows: In the spring of 1948 the plaintiff was looking for a new home, located in the country and having substantial acreage around it. He consulted Mrs. Leroy B. Fraser, a real estate agent. In the early part of April, 1948, the defendants, who were and for many years had been the owners of a tract of land in the town of Woodbridge, authorized Mrs. Fraser to act as broker in the sale of it and delivered to her a typewritten description of it. In the typewritten description it was stated that the land consisted of "approximately

83 acres." The property had an easterly boundary and frontage on Newton Road. On the easterly ten acres there were an old homestead, with lawns and driveways, a three-car garage, with caretaker's quarters, a large barn, sheds and other outbuildings. At the westerly end of the tract there was a piece of woodland of about thirty acres. The property also contained some swampland about a quarter to a half of an acre in extent. Some of the remaining land was used for orchards.

Mrs. Fraser introduced the defendants to the plaintiff and his wife, Elizabeth M. Clark. The Clarks became interested in the defendants' property and went there almost daily from the middle of April until July 21, 1948. In the ensuing negotiations between the parties, the plaintiff told the defendants that he was interested in securing a house that had a considerable tract of land connected with it. The defendant Howard Haggard told him at different times that the property which he was offering for sale contained eighty-three, or approximately eighty-three, acres.

At the time of the plaintiff's first call upon the defendants, he received from Mrs. Fraser, with the knowledge of the defendants, a copy of the typewritten description of the property. The original description had been composed by the defendant Howard Haggard and typed by the defendant Josephine Haggard. It had been given to Mrs. Fraser for use in her efforts to sell the property. The defendants and Mrs. Fraser expected the plaintiff to rely upon the representations that the land which was being offered for sale contained approximately eighty-three acres. The plaintiff had a right to rely upon those representations. The plaintiff believed both the oral statements of the defendant Howard

and the statement in the typed description respecting the area of the defendants' property. Those statements were made by or on behalf of the defendants for the purpose of inducing the plaintiff to purchase their property. The property had been acquired by the defendants in three separate parcels. None of the deeds conveying those parcels to the defendants had recited the acreage contained therein. The only basis for the defendants' representation as to acreage was informal statements made to them by their grantors. Before signing a contract for the purchase of the property, the plaintiff was in doubt whether the property was worth the price being asked for it and, because of that, discussed with the defendant Howard the possibility of ultimately using the land or some of it for a real estate development.

On April 20, 1948, the plaintiff and his wife entered into a written contract with the defendants for the purchase of the property for $74,000. On July 21, 1948, the defendants executed and delivered to the plaintiff a warranty deed of their property. No acreage was stated in the warranty deed. The land conveyed contained not more than fifty-two acres. Early in 1951, the plaintiff received notice of a property tax reassessment in the town of Woodbridge in which he was assessed for only fifty-two acres. This amount of acreage was thereafter verified. The notice of reassessment was the first information received by the plaintiff that he had fifty-two acres instead of eighty-three. Upon receiving this notice, he notified the defendants that he intended to make claim for the missing thirty acres of land. The value of the additional acreage that the plaintiff could have expected to receive in 1948 was $150 per acre.

The court concluded that the oral and written statements of the defendants that the property they

were offering for sale contained approximately eighty-three acres were misrepresentations of fact; that the plaintiff believed and relied on those misrepresentations and was induced by them to purchase the defendants' property; that the statements were made by the defendants falsely or in ignorance of the truth and without any reasonable basis or grounds for them; that the defendants made the statements recklessly; that the plaintiff was entitled to recover as damages the difference between the value of the property conveyed to him and its value if it had contained approximately eighty-three acres; that the difference between those values was equal to the value of thirty acres of rear woodland; that the fair market value of the rear woodland in July, 1948, was $150 per acre; and that the plaintiff was entitled to recover damages of $4500 and interest thereon at the rate of 6 per cent from July 21, 1948, to the date of the judgment.

The defendants contend that, since they did not know that the acreage was not approximately eighty-three acres, they did not know that their representations as to it were untrue and consequently the court erred in rendering judgment for the plaintiff. "In matters susceptible of actual knowledge, if the party who has and is known to have the best means of knowledge, makes an affirmation contrary to the truth, in order to secure some benefit to himself, the law treats him as stating that he knows that whereof he affirms, and so as guilty of a fraud, although he spoke in ignorance of the facts; because he asserts that he knows what he does not know." *Scholfield Gear & Pulley Co.* v. *Scholfield,* 71 Conn. 1, 19, 40 A. 1046; *Dwyer* v. *Redmond,* 103 Conn. 237, 244, 130 A. 108; *Water Commissioners* v. *Robbins,* 82 Conn. 623, 644, 74 A. 938; *O'Neill* v. *Conway,* 88 Conn. 651, 653,

92 A. 425; *E. & F. Construction Co.* v. *Stamford,* 114 Conn. 250, 259, 158 A. 551. A fraudulent representation in law is one that is knowingly untrue, or made without belief in its truth, or recklessly made and for the purpose of inducing action upon it. *Sallies* v. *Johnson,* 85 Conn. 77, 82, 81 A. 974.

The defendants also claim that the plaintiff could have had and should have had a survey made. The defendants, as owners, had the best means of knowing the size of their property. Without knowledge, they recklessly represented that the land contained approximately eighty-three acres. They made false representations to induce the plaintiff to rely upon them. The plaintiff did rely upon them to his loss. It matters not that the plaintiff had the opportunity to have the land surveyed. His omission to have a survey made was a natural consequence of the fraudulent representations. False representations to a vendee of the acreage of land are statements of fact and may constitute fraudulent representations, even though the vendee might have ascertained their falsity. *Lovejoy* v. *Isbell,* 73 Conn. 368, 375, 47 A. 682. Every element essential to support this action for false representations is found in the record.

The plaintiff's appeal rests upon the contention that the court erred in determining the amount of damages. The plaintiff maintains that the damages to which he was entitled was the difference between the actual value of the property and its value had it been as represented. This is a correct statement of the rule. *Morrell* v. *Wiley,* 119 Conn. 578, 583, 178 A. 121; *Slachter* v. *Olderman,* 116 Conn. 156, 158, 164 A. 202; *Piascyk* v. *Malon,* 116 Conn. 418, 425, 165 A. 352. It is the rule applied by the trial court in this case. The court arrived at the difference in value by determining the value per acre of rear

land, which must have been the sort of land which would have been contained in the missing thirty acres. The plaintiff presented the testimony of an expert real estate appraiser, who testified that the fair market value of the easterly ten acres of the property conveyed was $40,000 and that the remaining acreage, consisting of all types of land, such as orchard, woodland, open land and wild land, was worth $15,000, or an average of $350 per acre. The witness testified, also, that if the tract had contained approximately eighty-three acres it would have been worth $65,500 and that each of the additional thirty acres would have had a value of $350.

The plaintiff contends that the testimony of the expert witness, not having been contradicted or weakened on cross-examination, controlled the trial court, and that therefore certain facts should be added to the finding. A fact not contradicted does not necessarily become an "undisputed" fact which is required to be added to the finding. *Cishowski* v. *Clayton Mfg. Co.,* 105 Conn. 651, 655, 136 A. 472; Practice Book § 397. The trial court is the final judge of credibility and may disbelieve a witness as to part of his testimony and accept it in other respects. *Armstrong* v. *Watrous,* 138 Conn. 127, 129, 82 A.2d 800; *Neville* v. *Yaknunas,* 132 Conn. 627, 630, 46 A.2d 342. Likewise, the opinion of an expert is not binding on the court. *Taft* v. *Valley Oil Co.,* 126 Conn. 154, 161, 9 A.2d 822; *Carangelo* v. *Nutmeg Farm, Inc.,* 115 Conn. 457, 463, 162 A. 4; *Gruskay* v. *Simenauskas,* 107 Conn. 380, 387, 140 A. 724. The trial court did not err in not accepting the testimony of the plaintiff's witness as to the value of the missing thirty acres.

There is no error on either appeal.

In this opinion the other judges concurred.