ANGELO CHEER ET AL. *v.* AIME RUEL ET AL.

SUPERIOR COURT          HARTFORD COUNTY          FILE NO. 90604

Memorandum filed February 14, 1955.

*Saul Seidman,* of Hartford, for the plaintiffs.

*Dorothy E. Kelmenson* and *William M. Pomerantz,* both of Hartford, for the defendants.

ALCORN, J.  The plaintiffs seek to recover damages allegedly suffered in connection with the purchase of a rooming house from the defendants.  The complaint as amended is in three counts.  The first count alleges the breach of a warranty and representation that the O.P.A. rentals then being received were not less than $155 per week whereas they were actually $143.25 per week.  The second count alleges that this misrepresentation was fraudulent.  The third count alleges fraudulent misrepresentations as to various physical conditions of the building and its equipment.  At the trial the claims under the third count were abandoned, and the second claim for relief in the form of a rescission of the sale was not pressed. The issue is solely the claim for damages for the alleged misrepresentation as to the amount of the O.P.A. rental limit.

The plaintiffs are husband and wife and the husband carried on the negotiations.  The same is true of the defendants.  The respective husbands, therefore, are referred to as the plaintiff and the defendant.

The plaintiff had owned apartment houses and had had dealings with the O.P.A. in New York state since

1941. He came to Hartford and became interested in purchasing the defendant's rooming house. He inspected all three floors and the cellar of the house and talked to most of the tenants but did not ask them what rent they were paying. On the same or the next day the plaintiff and the defendant met at the office of an attorney who acted for both of them in preparing a bond for deed. The defendant had claimed to be able to collect about $169.50 weekly in rentals. The plaintiff had computed the rentals at a lesser figure. The maximum rental authorized by the O.P.A. at the time was $133.70 weekly. It is not shown that either party had specific knowledge of this limit at the time because the limit varied depending upon the nature of the occupancy.

The plaintiff was anxious to buy the defendant's property. It was his intention to apply to the O.P.A. for increased rental limits as soon as he became the owner. The parties agreed on $155 as an amount representing the present O.P.A. rental limit, this agreement was inserted in the bond for deed, and the latter was signed on February 24, 1951.

The parties again met on March 31, 1951, to transfer title to the property. At that time the plaintiff knew that the $155 figure was inaccurate but he, nevertheless, went through with the transfer and completed the purchase of the property. Immediately thereafter he pursued his original plan to apply to the O.P.A. for an increase in rental limits and did secure such an increase.

The plaintiff claims that he is entitled to damages whether the representation sued on was innocent or whether it was fraudulent. In either case, however, it must be shown that the person claiming injury has relied on the representation. *E. & F. Construction Co.* v. *Stamford,* 114 Conn. 250, 259; *Clark* v. *Haggard,* 141 Conn. 668, 673.

The court is unable to conclude from the evidence presented that the plaintiff relied upon any representation as to the O.P.A. rental limits as a material inducing factor in his purchase of this property. From the outset the parties agreed on a compromise figure. The plans in the plaintiff's mind made the actual figure incidental.

It is unnecessary to discuss other phases of the evidence.

Enter judgment for the defendants.