The defendant has appealed from his conviction on a charge of speeding. General Statutes § 14-219. The sole assignment of error relates to the denial of a motion by the defendant, on cross-examination, for permission to inspect a signed statement made by a police officer after the defendant's arrest upon the ground that "it may be an inconsistent statement." The statement in issue was made by the officer to the prosecutor and was, in effect, a report of the facts and circumstances surrounding the arrest of the defendant for the violation of the statute in question; at the time of the motion, the statement was in the possession of the prosecutor. *Page 343 
From a recital of the foregoing, it becomes obvious that when the motion for inspection was made, the defendant was engaged in nothing more than a "fishing expedition." At that time, there was no evidence before the court to indicate that any matters contained in the statement contradicted the testimony of the officer. The information disclosed by the statement to the prosecutor for the purpose of enabling him to perform the duties of his office was privileged on the ground of public policy, and the defendant had no right to demand its production for his inspection. Upon the authority of the ruling made in the case of State v. Zimnaruk, 128 Conn. 124,127, the trial court was correct in denying the motion.
The defendant urges, however, for the first time on appeal, that the trial court should have first examined the statement to determine whether or not it did, in fact, contain contradictory statements, before ruling upon the motion for inspection. This is quite different from the claim made by the defendant at the trial. Had counsel for the defendant clearly and distinctly demanded that the prosecutor deliver the statement to the court for its examination, a different ruling might have followed. SeeState v. Zimnaruk, supra. The test for deciding whether a ruling is correct is the claim made at the trial, not a different ground stated in the brief or on appeal. See Thaw v. Fairfield, 132 Conn. 173,180; Rischall v. Bauchmann, 132 Conn. 637, 647;Sanderson v. Bob's Coaster Corporation, 133 Conn. 677,681.
Notwithstanding that the statement might have contained contradictory matters, the ground upon which the motion was presented by counsel was incorrect and, consequently the trial court was not in error in denying it, even though it might have been granted on another ground. Johnson v. Rockaway *Page 344 Bus Corporation, 145 Conn. 204, 210. In view of the foregoing, we deem it unnecessary to consider the motion filed by the defendant to complete the record.
 There is no error.
In this opinion JACOBS and EIELSON, Js., concurred.