STATE OF CONNECTICUT *v.* MARY SALVATORE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CR 4-2165

Argued May 4—decided June 15, 1962

*Stephen A. Homick,* of Waterbury, for the appellant (defendant).

*Francis M. McDonald, Jr.,* assistant prosecuting attorney, for the appellee (state).

KINMONTH, J. The information charged the defendant with violation of § 30-86 of the General Statutes, forbidding the sale of liquor to minors, and as a result of the judgment of guilty she takes this appeal, assigning as error the court's failure to correct the finding, its conclusions, the rulings on evidence, and the court's conclusion upon all of the evidence that the defendant was guilty beyond a reasonable doubt.

Upon this last assignment of error, we determine from the entire evidence whether the court erred in holding that guilt was established by the requisite degree of proof. It is therefore unnecessary to con-

sider in detail the claims of error directed to the finding. *State* v. *Pundy,* 147 Conn. 7, 8.

From the evidence, the court could reasonably have found the following: The complaining witness was a minor fifteen years of age. On January 19, 1962, at about 10 a.m., she entered the defendant's package store in the city of Waterbury and purchased from the defendant, who was both the owner and permittee, a half-pint of alcoholic liquor.

To determine the claim that upon all the evidence the trial court could not have reasonably reached the conclusion that the defendant was guilty, we must look beyond the finding to the evidence. The finding, however, serves the purpose of showing the conclusions reached by the trial court, from conflicting evidence, as to the facts it has found or the statements it was requested to find, but refused; and it is for the trial court to pass upon the weight and credibility of the evidence, and these conclusions if reasonably reached must be accepted. *State* v. *Annunziato,* 145 Conn. 124, 135. On examination of the evidence, we do not evaluate it but simply determine, as a question of law and not as an issue of fact, whether there is evidence to support the ultimate conclusion of guilt. *State* v. *Plant,* 22 Conn. Sup. 436, 442.

The trial court's conclusion that the defendant was guilty was warranted.

The defendant's attack on the finding is futile, since the facts which she seeks to have stricken were supported by evidence, and other material facts she seeks to have added were neither admitted nor undisputed. Practice Book § 397; *Armstrong* v. *Watrous,* 138 Conn. 127, 128; *Trenchard* v. *Trenchard,* 141 Conn. 627, 631; *State* v. *Coulombe,* 143 Conn. 604, 609.

The defendant also assigns as error the court's precluding defense counsel from cross-examining the complaining witness as to a written statement given to a Juvenile Court probation officer. Defense counsel asked the prosecuting attorney if he had the statement in his file. The court ruled he did not have to produce it. Defense counsel gave no reason why he wanted the statement, except to state "if he has given a written statement, I think I should be allowed to cross-examine."

Information disclosed to a prosecuting attorney for the purpose of enabling him to perform the duties of his office is privileged upon the grounds of public policy, and the adverse party has no right to demand its production. *State* v. *Zimnaruk,* 128 Conn. 124, 126; see *State* v. *Pambianchi,* 139 Conn. 543, 547; *State* v. *Roy,* 23 Conn. Sup. 342, 343. The court's ruling was not reversible error.

There is no error.

In this opinion JACOBS and GEORGE, Js., concurred.