# Hugh Waters *v.* James F. Hartnett

### Appellate Division of the Circuit Court

File No. CV 3-6710-7379

Argued May 5—decided August 1, 1969

*Richard Hanna* and *Robert N. Talarico,* both of Danbury, for the appellant (defendant).

*Ronald J. George,* of Danbury, for the appellee (plaintiff).

KOSICKI, J.   The plaintiff, a professional home builder, sued to recover a deposit made by him toward the purchase of two building lots owned by the defendant in Brookfield. The intended sale was handled by a broker acting for the defendant. An attorney purporting to assist both parties prepared a typed contract of sale which was not signed by either party. The sale was contingent on the buyer's securing a building permit and a septic tank permit within two weeks from the date of an oral agreement which was subsequently entered into by the parties. As part performance under the oral contract the plaintiff deposited with the attorney $1000 in escrow. The money was to be held until a building permit and a septic tank permit were effectively obtained, permitting the plaintiff to proceed with his building development. The deposit would then become the property of the defendant and be credited toward the agreed purchase price.

Within one week of the oral agreement the plaintiff obtained a building permit and proceeded to prepare the soil for foundation footings. He excavated the land to a depth of eighteen inches and the soil was wet and soft and the holes filled up with subterranean water. He was then notified by the town's building inspector that, owing to the unstable character of the earth, a stop work order was issued for both lots under the provisions of the state building code. The permit was later revoked. The building inspector refused to issue a septic tank permit. The plaintiff notified the attorney of the permit revocation and requested the return of his deposit within the period provided for in the contingency.

The attorney had released the escrow to the defendant before the contingency period had expired. The defendant refuses to return it.

Upon the foregoing facts found by the court and not susceptible of any correction which would benefit the defendant, the trial court correctly concluded that the unsigned draft contract was unenforceable under our Statute of Frauds. General Statutes § 52-550 reads in part: "No civil action shall be maintained upon any agreement . . . for the sale of real estate or any interest in or concerning it . . . unless such agreement, or some memorandum thereof, is made in writing and signed by the party to be charged therewith or his agent . . . ." It is undisputed that neither of the parties signed a written agreement or memorandum to satisfy the Statute of Frauds; therefore the contention of the defendant that he was entitled to the escrow fund because he was ready to perform is without support in the law or the evidence. *Malkan* v. *Hemming,* 82 Conn. 293, 296. It is true that the Statute of Frauds does not make an oral contract void but only unenforceable and when there have been sufficient acts of part performance "the contract is taken out of the statute and is just as valid and enforceable as though it had been written." *Seipold* v. *Gibbud,* 110 Conn. 392, 395. Irrespective of the terms of the escrow, there was evidence which the court could credit showing that all the terms had not been met; thus, a retention of the money by the defendant would amount to an unjust enrichment and would give effect to an agreement unenforceable under the Statute of Frauds.

It seems to be undisputed that an oral agreement was made between the parties for the sale of two lots which were represented to fulfil the requirements of the town as to the water content and composition of

the land for building purposes. The plaintiff relied on these representations. He made no test borings, nor was he under any duty to do so.

The argument advanced by the defendant on appeal appears to ignore the issues framed by the pleadings and the claims of law decided by the trial court. The defendant states: "The claim of the appellant is that the transaction between the parties was an oral agreement for the purchase and sale of real estate; that all that remains is for the appellee to tender the balance of the purchase price; and that upon receipt of said balance, the appellant will convey the title to the appellee. The testimony of the appellant, that he is ready, willing and able to perform is undisputed. Under such circumstances, the weight of authority is that the vendee may not recover the money which he has paid the vendor. 49 Am. Jur. § 564, Statute of Frauds." The pleadings and the finding make that contention inapplicable. The first count is on a contract alleged to have been entered into owing to the fraudulent representations of the real estate agent of the defendant. The relief sought was by way of rescission and return of the escrow fund. The second count alleged that the contract was expressly contingent on the plaintiff's obtaining a building permit and septic tank permit before the deposit became the property of the defendant. There was ample evidence to sustain the court's finding that the defendant had failed to fulfil these conditions. The court is the sole arbiter of the facts, and its judgment as to credibility of witnesses will not be disturbed where the evidence is in conflict.

The court found for the defendant on the first count. On the second count the court concluded that the plaintiff was entitled to a rescission and to a return of the money held in escrow by the attorney,

because of failure of consideration and because the defendant was aware of the happening of the contingency when he received the escrow proceeds and thereby became unjustly enriched. Inherent in the court's decision was the failure of the defendant to disclose a subsurface water condition which rendered the lots sold unsuitable for building purposes, although he was fully aware of this condition. That alone vitiated the claimed contractual relationship, was a cause for rescission and called for the return of the escrow held by the attorney. The court correctly held that the unsigned written contract was unenforceable under the Statute of Frauds but its terms were admissible as evidence relevant to the agreement of the parties concerning the escrow.

The rule in Connecticut pertaining to restitution because of silence or nondisclosure of material facts, even though innocently made, is well established. In *Richard* v. *A. Waldman & Sons, Inc.*, 155 Conn. 343, 346, the defendant, a real estate developer, sold to the plaintiff a house and lot, the lot being considerably narrower than represented on the defendant's plot plan and contrary to the zoning regulations. The defendant was unaware of the mistake made by the plot plan engineer. Our Supreme Court held: "The defendant claims that '[a]t most, there was an innocent misrepresentation of fact by the defendant.' An innocent misrepresentation may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth. 23 Am. Jur. 920, Fraud and Deceit, § 127. The facts, as properly found, clearly show that the plaintiffs had reasonable grounds upon which to attribute to the defendant accurate knowledge of what it represented . . . . This was a statement of fact about which the defendant, as a developer of residential real estate, had special means of knowledge, and it was a matter peculiarly relating to its business and

one on which the plaintiffs were entitled to rely. *Clark* v. *Haggard,* 141 Conn. 668, 672, 673 . . . ; 23 Am. Jur. 920, Fraud and Deceit, § 127. . . . It would be unjust to permit the defendant under these circumstances to 'retain the fruits of a bargain induced by' a material misrepresentation upon which the plaintiffs relied. *E. & F. Construction Co.* v. *Stamford,* 114 Conn. 250, 258, 260 . . . ; see 5 Williston, Contracts (Rev. Ed.) § 1510, p. 4217." See also such cases as *Seymour Water Co.* v. *Horischak,* 149 Conn. 435, 439–42; *Warman* v. *Delaney,* 148 Conn. 469, 472; *Presta* v. *Monnier,* 145 Conn. 694, 698–701; *Clark* v. *Haggard,* 141 Conn. 668, 672; *Haddad* v. *Clark,* 132 Conn. 229, 233; Restatement, Restitution § 8; 17 Am. Jur. 2d, Contracts, § 399.

Mere silence, however, or failure on the part of the vendor to disclose does not ordinarily amount to fraud. "[T]he nondisclosure must be by a person intending or expecting thereby to cause a mistake by another to exist or to continue, in order to induce the latter to enter into or refrain from entering into a transaction. *Haddad* v. *Clark,* 132 Conn. 229, 233 . . . ." *Egan* v. *Hudson Nut Products, Inc.,* 142 Conn. 344, 347–48; see, e.g., *Bridge-Mile Shoe Corporation* v. *Liggett Drug Co.,* 142 Conn. 313, 318; *Gayne* v. *Smith,* 104 Conn. 650, 652. The finding by the court is amply supported by the evidence that the water condition existed at the time the negotiations for sale were taking place and that the defendant refused to disclose it, to the plaintiff's injury. There was, therefore, a failure of consideration which entitled the plaintiff to a rescission and a refund of his escrow deposit.

There is no error.

In this opinion DEARINGTON and KINMONTH, Js., concurred.