Following a trial to the court, the defendant was adjudged to be the father of the plaintiff's son born May 16, 1979. The defendant has appealed. The state thereafter intervened as an interested party. The trial court found the following: In 1977, when the plaintiff was eighteen years old, she met the defendant Jose Miranda and his wife Carmen. She became friendly with them and frequently babysat for their two daughters. In February, 1978, she began having sexual relations with the defendant. Their affair lasted through the fall of 1978. In September the plaintiff discovered she was pregnant. Fearful that she would be unable to continue her relationship with the defendant and his daughters if the truth were known to the defendant's wife, the plaintiff fabricated a story that the father was someone named Bob whom she had met at a bar. She did, however, tell several of her friends and her mother that Jose Miranda was the actual father of her child.
The defendant has raised three issues on appeal. First, he contends that the court erred in concluding that the plaintiff met her burden of proving by a preponderance of the evidence that the defendant fathered her child. We do not agree. Admittedly, there were inconsistencies in the testimony of the witnesses for both the plaintiff and the defendant. Inconsistencies in the testimony of witnesses are, however, for the trier of fact to resolve and we will not disturb his findings on appeal unless the evidence is insufficient to support them. State v. Gaynor,182 Conn. 501, 505, 438 A.2d 749 (1980); State v. Nelson, 38 Conn. Sup. 374, 376, 448 A.2d 219
(1982). In view of the plaintiff's testimony that the defendant was the father of her child, we conclude that there was adequate evidence to support the court's finding of paternity.
Second, the defendant claims that the court failed to explain in its memorandum of decision how it found the plaintiff's evidence to be the more credible in view *Page 682 
of the numerous inconsistencies contained in her testimony. See Armstrong v. Watrous, 138 Conn. 127,82 A.2d 800 (1951). This claim lacks merit. The language in Armstrong upon which the defendant relies is the following: "The memorandum of decision, to which we may turn for a better understanding of the basis of the decision, shows that the court fully appreciated the importance of the inconsistencies . . . . It took them into consideration, as was its duty, before concluding that the plaintiff's testimony was trustworthy. "(Citations omitted.) Id., 129. Even if we assume that the defendant is correct in his assertion that the court has a duty to explain away any discrepancies in the testimony of the various witnesses at trial, we conclude that the court more than adequately satisfied this alleged duty. The memorandum of decision, although brief, is exemplary in its discussion of the evidence presented and the facts found. From this it is apparent that the court took into consideration the inconsistencies in the evidence at trial.
Finally, the defendant argues that the court erred in its finding of constancy of accusation of the defendant's paternity. We disagree. "Constancy of accusation . . . [is] not an essential element of [the plaintiff's] case . . . . Section [46b-160] of the General Statutes merely makes such accusations competent evidence . . . . Though hearsay, they are admissible to corroborate a plaintiff's testimony in open court." (Citations omitted.) Armstrong v. Watrous, supra, 129. The other evidence presented was, in and of itself, sufficient to support the court's conclusion of paternity. Therefore, the finding of constancy of accusation was mere surplusage.
 There is no error.
DALY, COVELLO and F. HENNESSY, Js., participated in this decision.