[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for money damages based on an alleged fraudulent misrepresentation in connection with the sale of a 45 year old residential property known as 7 Kulas Terrace in Seymour, Connecticut. The plaintiffs purchased the property from defendants in January 1998 and, by June of 1998, the sewage disposal system, which was a cesspool, began to back up. As a result, the property required an engineered septic system, which cost the plaintiffs over $24,000.
The plaintiffs claim that the defendants fraudulently misrepresented the condition of the sewage disposal system by failing to disclose any problems with the system in the Residential Property Condition Disclosure Report of July 1997 (Exhibit 1) and by denying any problems with the system when questioned by plaintiffs' home inspector in December 1997. The plaintiffs also established that defendants had test holes dug on their property to assess its suitability for a new septic system and knew that replacing the cesspool would require an engineered septic system at a cost in excess of $15,000. Defendant testified CT Page 3516 the tests were done with another prospective buyer whose lender required a septic system not a cesspool. The issue for the court is whether or not this was a sewage system problem that should have been disclosed.
The essential elements to an action in common law fraudulent misrepresentation are as follows:
 (1) that a false representation was made as a statement of fact;
 (2) that it was untrue and known to be untrue by the party making it;
 (3) that it was made to induce the other party to act upon it; and
(4) that the latter did so act upon it to his injury.
Pavia v. Vanech Heights Construction Co., 159 Conn. 512, 515,271 A.2d 69 (1970); Clark v. Haggard, 141 Conn. 668,109 A.2d 358 (1954); Miller v. Appleby, 183 Conn. 51,54 (1981).
The courts have also held that a misrepresentation made without belief in its truth or recklessly made can also provide a basis for a fraud claim. Clark v. Haggard, 141 Conn. 668, 109 A.2d 358
(1954); Kilduff v. Adams, 219 Conn. 329 n. 15.
The party asserting such a cause of action must prove the existence of the first three elements of fraud by a standard higher than the usual fair preponderance of the evidence, which higher standard is "clear and satisfactory" or "clear, precise and unequivocal." Barbara Weissman, Trustee v. Kaspar,233 Conn. 531, 539, 661 A.2d 530 (1995).
Here, the plaintiffs have failed to sustain their burden of proof by clear and satisfactory evidence. Plaintiffs did not begin experiencing problems with sewage disposal for over six months after the sale, so there is no basis to infer that defendants had experienced any septic problems prior to the sale. Plaintiffs did not present any other evidence to contradict defendants' testimony that they never had a problem with their sewage disposal. The fact that defendants knew that a cesspool was undesirable and what it would cost to install an engineered CT Page 3517 septic system is not the equivalent of misrepresenting the condition of the existing sewage disposal system, which was clearly and correctly disclosed as a cesspool. This is the type of information and advice that plaintiffs should have received from their home inspector, who did not even bother to check any records or listings to determine what type of sewage disposal system the property had. The existence of the cesspool and the fact it had not been serviced in four years was disclosed to plaintiffs on the Disclosure Report (Exhibit 1). There was no duty on the defendants to disclose to plaintiffs their knowledge as to what it might cost to replace such a system with an engineered septic system when and if it eventually failed.
Accordingly, the court enters judgment for the defendants.
The Court By Sequino, J.