WILLIAM GILFILLEN *vs.* ANDREW MOORHEAD ET AL.

Third Judicial District, Bridgeport, April Term, 1901.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

In an action to recover damages or to obtain the title to the whole of a
city lot, the complaint alleged that one of the defendants, a real
estate agent, was authorized by the owner to sell the entire lot,
which had a frontage of 100 feet, for $4,500, but fraudulently con-
cealed that fact from the plaintiff and asserted that the owner
demanded that price for a frontage of 55 feet only, and with the
other defendant falsely represented that the latter had purchased
the other 45 feet for $1,000; and that the plaintiff was thereby in-
duced to purchase the 55 feet for $4,500. There was no allegation
that the 55 feet was represented as worth $4,500, nor that it was
not in fact worth that amount. Upon demurrer it was *held* that
the plaintiff was not entitled to the equitable relief prayed for, nor
to damages, since he had knowingly bought but 55 feet front, and
had not alleged that any legal damage had accrued to him from the
representations of the defendants.

Argued April 18th—decided May 29th, 1901.

ACTION for fraud and collusion in the sale of certain
real estate, praying for a conveyance of the land from one
of the defendants and for damages from both, brought to
the Superior Court in New Haven County and tried to the
court, *Roraback, J.,* upon a demurrer to the complaint; the
court sustained the demurrer and rendered judgment for
the defendant, and the plaintiff appealed for alleged errors
in the rulings of the court. *No error.*

The complaint asked for a judgment for damages against
both defendants, Moorhead and Donnelly, and that the de-
fendant Donnelly be required to convey a certain tract of land
to the plaintiff, or that the title to said land be vested in the
plaintiff. In support of said claims the complaint alleged: —
" 1. On the      day of June, 1900, one Martha W. Hatch was
the owner of a certain tract of land, with the buildings there-
on, bounded easterly by Norton Street, 100 feet. . . . 2. On
said      day of June, 1900, the defendant Andrew Moorhead
was a real estate dealer in said city of New Haven, and the

said Martha W. Hatch had placed in his hands said property to sell for the price of $4,500. 3. On said     day of June, 1900, the plaintiff applied to the defendant Andrew Moorhead to purchase a dwelling-house in said New Haven, and said defendant informed the plaintiff that he had a place upon Norton Street for sale, for the price of $4,500. 4. That afterwards, on or about the 2d day of July, 1900, the defendants, conspiring and confederating together to cheat and defraud this plaintiff, and compel this plaintiff to pay said Hatch the full price of said premises, and to obtain a title to themselves to a part of said premises so paid for by this plaintiff, falsely informed and told this plaintiff that said Hatch had sold a part of said premises, consisting of 45 feet front on Norton Street, to the defendant Donnelly, and that said Donnelly had paid said Hatch $1,000 for said 45 feet, and that the owner of said premises asked the sum of $4,500 for the remainder of said premises, being 55 feet on Norton Street, which statements were untrue. 5. The plaintiff, believing the aforesaid statements of the defendants, and not having any knowledge that said statements were untrue, purchased said premises, and paid the sum of $4,500, which sum paid for the entire tract of land bounded 100 feet on Norton Street, as described in paragraph 1, and the plaintiff received a deed of a part of said premises, bounded 55 feet on Norton Street; . . . and afterwards, and without the knowledge of this plaintiff, the said Hatch executed and delivered to the defendant Frederick W. Donnelly a deed of the remainder of said premises, bounded 45 feet on Norton Street. . . . 6. The plaintiff says that he paid the entire purchase price for both tracts of land described in said deeds Exhibit A and Exhibit B, and that the defendants paid no part of the purchase price of any of said premises described in said deeds. . . . 7. The premises described in the deed to said Donnelly are of the value of $1,200. 8. The plaintiff was not informed of said false statements and representations, and of the fact that he had paid the purchase price of said entire tract of land, until long after the execution of said deeds."

To this complaint the defendants demurred, upon the

grounds, in substance, that it did not appear from the allegations of the complaint that the plaintiff had suffered any damage by reason of the alleged acts and representations of the defendants; that it appeared that the plaintiff had received by his deed all the land which he bargained for and purchased and for which he willingly paid said price of $4,500, to wit, 55 feet on Norton Street; that it appeared that the plaintiff fully understood when he made the bargain for the purchase of said premises and before he paid for the same, that the said tract of 45 feet was not to be included in said purchase, and understood that it was not included in his said purchase; and that it appeared from the complaint that the plaintiff never bargained for or paid for said 45-foot tract, and that he had no equitable claim to said tract.

*William B. Stoddard* and *Jacob P. Goodhart,* for the appellant (plaintiff).

*Charles S. Hamilton,* with whom was *Siegwart Spier,* for the appellee (defendant).

HALL, J. The defendants—one of whom was a real estate dealer in whose hands had been placed to be sold, for $4,500, a tract of land 100 feet on Norton Street—falsely represented to the plaintiff that the owner, Mrs. Hatch, had sold to Donnelly, the other defendant, 45 feet of said tract, that he had paid her $1,000 therefor, and that she asked $4,500 for the remaining 55 feet. Believing said statements the plaintiff paid $4,500 for said tract of 55 feet on Norton Street, and afterwards, on the same day and without having received any further consideration therefor, Mrs. Hatch conveyed to said Donnelly the remaining 45 feet.

It is urged that these facts, which are more fully set forth in the complaint demurred to, give to the plaintiff either a right of action at law for damages, or a right in equity to the 45 feet of land held by the defendant Donnelly.

The averments of the complaint wholly fail to show that the defendants made any such representations regarding the value

of the land conveyed to this plaintiff, or regarding the partic-
ular land or quantity of land to be conveyed to him for the
price paid, as entitles him to a judgment for damages.

If it could be said that the complaint alleges that the de-
fendants represented the value of the 55-foot tract to be
$4,500, and that they made such representation of value under
circumstances which entitled the plaintiff to rely upon it, it
is not alleged that the 55-foot tract conveyed to the plain-
tiff was not of that value, nor is it in any manner alleged
that the plaintiff suffered any damage from such representa-
tion. And again, although it appears that the defendants
were authorized by Mrs. Hatch to sell the entire 100 feet for
$4,500, and although it appears that the rules of fair and honor-
able dealing required them to sell said entire tract to the plain-
tiff for the price paid, yet it is not alleged that the defendants
undertook to sell the plaintiff the 100 feet for the price paid,
or that they induced or attempted to induce the plaintiff to
believe that he was to receive any more than the 55 feet which
was deeded to him, or that the plaintiff at any time supposed
that the 45 feet conveyed to Donnelly was to be included in
the land purchased by himself.

The real deception practiced by the defendants upon the
plaintiff was in inducing him to pay $4,500 for the 55 feet
of land, by fraudulently concealing the fact that they were
authorized to sell the entire 100 feet for that price, and
falsely representing that the owner demanded that price for
the 55 feet; while they apparently practiced a further de-
ception upon Mrs. Hatch, by inducing her to believe that the
$4,500 was paid for the tracts conveyed by the two deeds.
But as it appears that the plaintiff received a conveyance of
all the land he bargained for, and as it does not appear that
its value was less than the price paid by him for it, he has no
right of action at law for damages for the deceit practiced
upon him.

The facts alleged do not show an equitable right in the
plaintiff to the 45 feet of land conveyed by Mrs. Hatch to
Donnelly.

The plaintiff insists that he is entitled to this land upon

the ground that he paid for it, and that it appears by an allegation of the complaint that "he paid the entire purchase price for both tracts of land" described in the two deeds; and he claims that Donnelly should therefore be treated as holding the 45 feet in trust for him.

It does not appear from the allegations of the complaint that the plaintiff has paid for the land conveyed to Donnelly. That he did not in fact pay for that land, and that the particular averment quoted is but a statement of a claimed conclusion from other facts alleged, is shown by the allegation in the last paragraph of the complaint, that the plaintiff did not learn " that he had paid the purchase price of said entire tract of land until long after the execution of said deeds." It appears from the allegation of the complaint that nothing has been paid, either by the plaintiff or the defendants, for the land conveyed to Donnelly, and it is consistent with such allegations that that tract was procured to be conveyed to Donelly by the fraud of the defendants in falsely representing to Mrs. Hatch that the $4,500, which was in fact paid for the 55-foot tract, was paid for the land described in the two deeds. We think it is evident from the language of the complaint that the plaintiff paid the $4,500 for the 55-foot tract only, that he did not intend to purchase the 45-foot tract and that he has not paid for it, and that Donnelly cannot, therefore, properly be regarded as holding it in trust for the plaintiff.

Had Mrs. Hatch not deeded the 45 feet to Donnelly, equity would not have compelled her to convey it to the plaintiff because the defendants had sold him the 55 feet for the price for which she had offered to sell, and instructed the defendants to sell, the 100 feet. If Mrs. Hatch, with a knowledge of the facts, has voluntarily conveyed the 45 feet to Donnelly, the plaintiff has no greater right against him than he would have had against Mrs. Hatch had no conveyance been made to Donnelly. If, however, the defendants have procured the 45 feet to be conveyed to Donnelly by fraudulently representing to Mrs. Hatch that the $4,500 was paid for the

entire 100 feet, she, rather than the plaintiff, is equitably entitled to the 45 feet so conveyed to Donnelly.

There is no error.

In this opinion the other judges concurred.