Emma Helming vs. A. H. Kashak.

Maltbie, C. J., Hinman, Banks, Avery and Brown, Js.

Argued March 3d—decided April 7th, 1937.

*Aaron Nassau,* with whom, on the brief, was *Francis P. Rohrmayer,* for the appellant (plaintiff).

*William N. DeRosier,* for the appellee (defendant).

BROWN, J. In this action to recover damages alleged to have been sustained by the plaintiff by reason of the defendant's misrepresentations incident to his purchase from her of a second mortgage which she owned upon real estate in Bristol, the court found that the defendant made the claimed false representations knowing they were untrue, to induce the plaintiff to sell, but concluded that the plaintiff neither relied thereon nor suffered any damage in consequence of the sale as made, and so gave judgment for the defendant. It is undisputed that the elements essential to sustain an action of this nature are: (1) a representation made as a statement of fact; (2) that it was untrue and known to be untrue by the party

making it; (3) that it was made for the purpose of inducing the other party to act upon it; (4) that the latter was in fact induced to act thereon; and (5) that he did so act to his injury. *Bradley* v. *Oviatt*, 86 Conn. 63, 67, 84 Atl. 321; *Laukaitis* v. *Klinkna*, 104 Conn. 355, 359, 132 Atl. 913; *Barnes* v. *Starr*, 64 Conn. 136, 150, 28 Atl. 280. The plaintiff cannot prevail upon this appeal therefore if either of the court's conclusions was warranted.

In so far as the issues upon this appeal are concerned, these undisputed facts appear from the finding: On September 25, 1935, the plaintiff was the owner of a second mortgage bearing interest at 6 per cent., upon which a balance of $1750 principal was due, on property in Bristol, known as No. 190 High Street, owned by Timothy Stack, the other incumbrances being a first mortgage for $7000, plus $64 accrued interest, and $549.07 in unpaid taxes. The defendant was a real-estate broker and had arranged an agreement for the exchange of Stack's property to Mike Chowanek and wife for their property in Plymouth, by the terms of which, in addition to deeding their property to Stack, they were to assume the mortgages in the amounts above stated, and pay $1000 in cash. This agreement was conditioned upon the procuring of an agreement from the plaintiff to allow a 20 per cent. discount on her mortgage if paid off within a year. On September 25th, 1935, the instruments essential to close the transaction were executed and left with the defendant in escrow, to be held until this condition was met. The defendant thereupon sought out the plaintiff at her home and offered her $500 for a release of her mortgage, stating that he had a purchaser for the Stack property at the price of $8000, $7000 of which was to be paid by the assumption of the first mortgage and the balance of $1000 in cash.

He did not disclose who the purchaser was. The next day the plaintiff delivered a release of her mortgage to the defendant in return for his check for $500. Thereafter the exchange of properties was consummated, Mrs. Chowanek giving a new second mortgage to Stack for $1750, and the defendant receiving his commissions. The representations thus made to the plaintiff by the defendant were untrue as the defendant knew when he made them, and were made for the purpose of inducing the plaintiff to act thereon.

Notwithstanding the plaintiff's positive testimony that in deciding to release her mortgage for $500 she relied upon the defendant's representations, the trial court concluded that such was not the fact, apparently by determining from her conduct and appearance on the witness stand in the light of such further facts in evidence as her experience in real-estate matters, the advice she had received before acting upon the defendant's proposition, and her previous knowledge of the actual value of her mortgage and of the threatened danger of its being foreclosed by the first mortgagee, that she did not tell the truth. Whether the court's conclusion upon this issue is warranted, we need not consider, since its further conclusion that the plaintiff suffered no damage is fully justified by the record.

The measure of damages in this case, were the plaintiff entitled to recover, would be the difference between the price received by the plaintiff for the second mortgage and its actual value at the time of the sale. *Anderson* v. *Snyder*, 91 Conn. 404, 406, 99 Atl. 1032. The undisputed fact appears from the finding that the maker's signature gave no value to the note, which was not indorsed, and that therefore the value of the second mortgage was limited to that of the mortgaged property in excess of $7613.07, the total of the first mortgage and taxes. The court found that the value

of the property on September 26th, 1935, was $8000. There was a conflict of evidence upon this issue, the plaintiff's witness Beals testifying the property to be worth $10,000, and the defendant's witness Hull that it was worth but $7725. So far as the record discloses this evidence of both of these witnesses was legally competent, and the court was therefore warranted in finding the value to be $8000. Nor is this any the less true because the terms of the trade between Stack and the Chowaneks also afforded material evidence upon this point. Similarly upon the valuation of the second mortgage, fixed by Beals at $1750, and by Hull at $125, the court was warranted in finding it to be worth less than $500. Upon these facts found, therefore, it properly concluded that the plaintiff suffered no loss in consequence of the statements made by the defendant.

While the finding leaves no doubt that the defendant, in this transaction with the plaintiff, departed from the rules of fair and honorable dealing, and so merits the court's condemnation of his conduct, notwithstanding, for the reasons which we have stated, the trial court did not err in denying recovery to the plaintiff. *Gilfillen* v. *Moorhead,* 73 Conn. 710, 713, 49 Atl. 196.

There is no error.

In this opinion the other judges concurred.