Fowler V. Harper *v.* Jere Adametz et al.

Superior Court  Middlesex County  File No. 10941

Memorandum filed November 24, 1953.

*Catherine G. Roraback* and *Harry P. Lander,* both of New Haven, for the Plaintiff.

*Richard C. Parmelee* and *Bernard A. Kosicki,* both of Middletown, for the Defendants.

MURPHY, J. The plaintiff, a member of the faculty of Yale Law School, is seeking to impose a trust upon sixty-three acres of woodland in Haddam that were originally part of an eighty-acre farm that was owned by William Tesar. The other seventeen acres are owned by the plaintiff, who purchased them for $6000 through the defendant Jere Adametz, a real estate agent with whom the entire farm had been listed for sale by Joseph B. Tesar, son and conservator of William. Title to the sixty-three acres is in the name of Walter Adametz, son of Jere. He acquired title through sharp practice of his father without paying any money of his own, though the father spent $175 in carrying out the scheme that vested title in him. The plaintiff alleges that fraud was practiced upon him and seeks a decree conveying the sixty-three acres to him.

On December 12, 1948, the plaintiff was shown the Tesar farm by Jere, who told him that the seller was asking $8500 for it. No offer was made by Harper, who indicated an interest in lesser acreage. He had contacted Jere as the result of a listing of five acres, old colonial, at $6200. Apparently en-

couraged by such interest as Harper had shown, Jere wrote to the conservator the next day (December 13) and stated that he had an offer of $6500, which the conservator accepted on December 15.

Plaintiff again visited the property on December 19 and 26, and on one of those days offered $7000 for the eighty acres. Jere denies that such an offer was made. As other testimony by Jere, to which reference will be later made, shows clearly that Jere lied while on the stand, and as his credibility is material to the determination of the truth of this denial, I find as a fact that such an offer was made though Harper is uncertain of the weekend that he made it. The offer was never transmitted to the conservator.

On December 29, Jere had his own check for $500 sent to the conservator as a binder on the accepted offer of $6500. Subsequently he told plaintiff that his $7000 offer would not be accepted as part of the property would be retained in the family.

On January 4, 1949, the conservator signed a contract to sell to Mazanek and Hibbard. Mazanek is a brother-in-law of Jere and a cousin of Tesar. The Probate Court approved the sale and a conservator's deed dated January 26 was delivered at the closing on February 8, when Mazanek and Hibbard conveyed the seventeen acres, which included the buildings, to plaintiff. In March, Mazanek and Hibbard conveyed the sixty-three acres to Walter.

Jere Adametz lied when he testified that he never discussed with plaintiff the sale of any part of this property other than the five-acre parcel on the first two visits and the seventeen-acre piece he eventually purchased. He lied when he said that Harper had not made an offer of $7000 for the entire farm. He lied when he testified that he had a binder of $500 from Mazanek and Hibbard on December 12, 1948,

for the sale of this property to them for $6500. He lied when he said that Mazanek had offered him $6500 in November, 1948, for the property. He also lied when he testified that Mazanek sold the land to Walter and the latter paid the $500 back to Jere.

Mazanek and Hibbard were fronts or "dummies" for Jere, who evolved the plan of getting the major portion of the acreage for himself and family and to collect a commission on the sale as well. Strange as it may seem, Tesar when he accepted the offer of $6500 did not care to whom it was sold.

The elements necessary to sustain an action in fraud are five: (1) a representation made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made for the purpose of inducing the other party to act upon it; (4) that the latter was in fact induced to act thereon; (5) that he did so act to his injury. *Helming* v. *Kashak,* 122 Conn. 641, 642.

There is no evidence to show that the plaintiff sustained any loss as a result of the statements made by Jere. He testified that when $6000 was agreed upon as the price for the seventeen acres, with buildings, he was satisfied that it was a fair price for that portion of the farm. In the absence of any evidence that the seventeen acres was not worth $6000, the fifth essential is lacking. The elder Adametz' conduct was a departure from the rules of fair and honest dealing and is to be condemned. However much he misled the plaintiff, it seems that the fraud, if any, was practiced upon the conservator. *Gilfillen* v. *Moorhead,* 73 Conn. 710, 713.

Judgment will be entered for the defendants.

The plaintiff is understandably chagrined. But it may very well be that his exposition of Jere's tricky conduct may have a salutary purpose. The

court has indicated that he has deliberately given false testimony in several particulars. That such conduct affects his credibility seems obvious. If he has committed perjury, he should be called to account.

As the state's attorney for this county was one of counsel in this trial, he is automatically disqualified from investigating into and prosecuting any criminal offense by Jere Adametz in connection therewith. The court therefore appoints Joseph V. Fay, Jr., of Wethersfield as special state's attorney for that purpose.