[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO STRIKE (#127, 128)
The present matter before the court involves the defendants' motion to strike the third and fourth counts of the plaintiffs' revised complaint, dated May 6, 1993.[1]
On July 30, 1992, the plaintiffs, Theodore Wislocki and Jennifer Wislocki (hereinafter "plaintiffs"), filed the present action against the defendants, Spencor Construction Company, Inc. (hereinafter "SCCI"), Douglas Cymbala, President of SCCI (hereinafter "Cymbala"), Peter Reggio, Office Manager of SCCI (hereinafter "Reggio") and Genovali Realty, Inc.
The plaintiffs allege that on December 5, 1991, the plaintiffs entered into an agreement with SCCI for the construction and purchase of a single-family home on property known as Lot 5, Liberty Ridge Subdivision, located in Chester, Connecticut (hereinafter "subject property").
The plaintiffs allege that said agreement provided that SCCI would make and deliver to the plaintiffs a good and sufficient warranty title to the subject property and a completed house on or before April 1, 1992, whereby the plaintiffs agreed to pay to SCCI $148,785.00. The plaintiffs allege that SCCI has not completed the construction of the house and has failed to perform as agreed.
On May 7, 1993, the plaintiffs filed their revised complaint. In the third count of the plaintiffs' revised complaint, they allege the following cause of action for fraudulent misrepresentation as against the defendant, Cymbala:
 6. Douglas Cymbala told the plaintiffs orally that he was the person in charge at SCCI and had the power to make SCCI perform as agreed; he was registered with the Secretary of the State of Connecticut as President of Spencor Construction Company, Inc.
7. Defendant Douglas Cymbala knowingly, CT Page 7211 willfully and wantonly and in complete disregard of the plaintiffs' rights, represented to plaintiffs that defendant SCCI was prepared, willing and capable of performing the contracts as agreed and that such work would be done in a timely and workmanlike fashion, since in his capacity as President and "person in charge", he knew or should have known that SCCI was not able to convey clear title to the premises as required by the agreement.
 8. Douglas Cymbala's representations as to potential closing dates as scheduled and rescheduled were false; and Defendant Douglas Cymbala made such representations knowing that they were false, since he was aware that SCCI had not paid subcontractors and provided mechanic's lien waivers or releases, nor could he then obtain a certificate of occupancy for the house which was not completed.
 9. Relying on Douglas Cymbala's misrepresentations, plaintiffs entered into said contract, to their detriment.
 10. As a result of the fraudulent misrepresentations, plaintiffs have suffered and continue to suffer substantial economic and other losses.
(Court file, plaintiffs' revised complaint dated May 6, 1993, third count, paragraphs 6 through 10).
In the fourth count of the plaintiffs' revised complaint, they allege the following cause of action for fraudulent misrepresentation as against the defendant, Reggio:
 6. Defendant Peter Reggio represented himself orally to plaintiffs as the Office Manager of SCCI, having authority over materials procurement, contractor scheduling and project oversight, including quality assurance, and having authority CT Page 7212 to bind SCCI contractually.
 7. Defendants Peter Reggio and Douglas Cymbala and sometimes their agent, David Genovali, told plaintiffs that the closing on the property would take place on or before April 1, 1992; then April 30, 1992; then May 28, 1992; and dates during June, although not enough work was being done to obtain a certificate of occupancy. Peter Reggio knew or should have known that SCCI was not prepared to convey and knew plaintiffs were relying on his statements to terminate their lease, hire movers, and schedule improvements.
 8. Relying on Peter Reggio's misrepresentations, plaintiffs entered into said contract, to their detriment.
 9. Defendant Peter Reggio's misrepresentations as to his ability as office manager and to cause SCCI to convey the premises were false, and Defendant Peter Reggio made such representations knowing they were false.
 10. As a result of Peter Reggio's fraudulent misrepresentations, the plaintiffs have suffered and continue to suffer substantial economic and other losses.
(Court file, plaintiffs' revised complaint dated May 6, 1993, fourth count, paragraphs 6 through 10).
On May 26, 1993, the defendants, Cymbala and Reggio, jointly filed two identical motions to strike the third and fourth counts of the plaintiffs' revised complaint, pursuant to Practice Book Secs. 151, et seq. On the same date, the defendants filed identical memoranda of law in support of their motions to strike. The defendants argue that the plaintiffs have failed to sufficiently allege facts which would "pierce" SCCI's "corporate veil" allowing an action based on personal liability on the part of SCCI's officers and or employees. CT Page 7213
On June 9, 1993, the plaintiffs filed their opposition to the defendants' motion to strike. The plaintiffs argue that the third and fourth counts of their revised complaint allege a direct cause of action, as against the defendants, Cymbala and Reggio, for fraudulent misrepresentation, as an alternative to establishing personal liability under the "alter ego" doctrine or "piercing the corporate veil."
A motion to strike challenges the legal sufficiency of a pleading. . . [I]t admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. . . . The allegations of the pleadings involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail.
(Citations omitted.) Mingachos v. CBS, Inc., 196 Conn. 91,108-109, 491 A.2d 368 (1985). Further, the court must construe the facts alleged in the pleadings, which is the subject of the motion to strike, most favorable to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). Practice Book Sec. 152 provides in relevant part that "[w]henever any party wishes to contest. . . the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted, or. . . the legal sufficiency of any prayer for relief. . ., that party may do so by filing a motion to strike the contested pleading or part thereof."
In the present action, the defendants, Cymbala and Reggio, argue that the factual allegations contained within the third and fourth counts of the plaintiffs' revised complaint are legally insufficient to support a cause of action against the defendants, corporate officer and employee, where the plaintiffs have failed to set forth facts which would allow for the "piercing of the corporate veil" under either the "instrumentality" rule or the "identity" rule.[2]
However, the defendants appear to have misinterpreted the plaintiffs' cause of action. The plaintiffs are not seeking to establish personal liability on behalf of the CT Page 7214 defendants, corporate officer and employee, circuitously under the rubic of the "alter ego" doctrine, but rather, the plaintiffs are bringing a direct action against the defendants, Cymbala and Reggio, for fraudulent misrepresentation which are directly attributable to the defendants' own alleged tortious conduct and acts.
 It is also true that an officer of a corporation does not incur personal liability for its torts merely because of his official position. Where, however, an agent or officer commits or participates in the commission of a tort, whether or not he acts on behalf of his principal or corporation, he is liable to third persons injured thereby. First National Bank 
Trust Co. v. Manning, 116 Conn. 335, 340, 164 A. 881; Semple v. Morganstern, 97 Conn. 402, 404, 116 A. 906; Bennett v. Ives, 30 Conn. 329, 334; see 19 Am.Jur.2d, Corporations, 1382.
Scribner v. O'Brien, Inc., 169 Conn. 389, 404, 363 A.2d 160
(1975).
 It is black letter law that an officer of a corporation who commits a tort is personally liable to the victim regardless of whether the corporation itself is liable. Donsco, Inc. v. Casper Corporation, 587 F.2d 602, 606 (3d Cir. 1978); Scribner v. O'Brien, Inc. 169 Conn. 389, 404, 363 A.2d 160 (1975); First National Bank Trust Co. v. Manning, 116 Conn. 335, 340, 164 A. 881 (1933); Semple v. Morganstern, 97 Conn. 402, 404, 116 A. 906 (1922); H. Henn J. Alexander, Laws of Corporations (3d Ed. 1983) 230; 19 Am.Jur.2d, Corporations 1882.
(Footnote omitted.) Kilduff v. Adams, Inc., 219 Conn. 314,331-32, 593 A.2d 478 (1991).
The plaintiffs are not required to allege facts CT Page 7215 necessary to "pierce the corporate veil" when they are bringing a direct action against the defendants, Cymbala and Reggio.
The next issue to be addressed is whether the plaintiffs have sufficiently alleged facts which, if taken as true, would satisfy a claim for fraudulent misrepresentation.
 It is also settled law that "`the essential elements of an action in fraud . . . are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury. Paiva v. Vanech Heights Construction Co., 159 Conn. 512, 515, 271 A.2d 69 (1970); Clark v. Haggard, 141 Conn. 668, [673,] 109 A.2d 358 (1954); Helming v. Kashak, 122 Conn. 641, 642, 191 A. 525
(1937); Bradley v. Oviatt, 86 Conn. 63, 67, 84 A. 321 (1912); Barnes v. Starr, 64 Conn. 136, 150, 28 A. 980 (1894).' Miller v. Appleby, [supra, 54-55]." Maturo v. Gerard, 196 Conn. 584, 587, 494 A.2d 1199
(1985); D. Wright J. Fitzgerald, Connecticut Law of Torts (2d Ed.) 135.
(Footnote omitted.) Kilduff, supra, 329.
The third and fourth counts of the plaintiffs' revised complaint allege facts which are sufficient to satisfy the four elements necessary to establish a claim for fraudulent misrepresentation.
Therefore, based on the aforementioned discussion, the court denies the defendants' motions to strike the third and fourth counts of the plaintiffs' revised complaint on the ground that the factual allegations contained within these counts are legally sufficient to support a claim based on fraudulent misrepresentation as against the defendants, Cymbala and Reggio.
It is so ordered. CT Page 7216
HIGGINS, J.