[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant Peter Criscuolo has moved to strike the Second Count of the complaint on the ground that it fails to state a cause of action against him. Specifically, the movant asserts that he cannot be held liable for acts performed as agent for another defendant, Margaret Criscuolo.
In his amended complaint, the plaintiff alleges that defendant Peter Criscuolo was the son of defendant Margaret Criscuolo and that he was authorized to "maintain and care for" the premises known as 74 Williams Street, New Haven, where the plaintiff claims to have fallen and suffered injuries. The plaintiff claims that defendant Peter Criscuolo maintained the premises in a negligent manner by allowing a defective and dangerous condition to exist, namely, an icy stairway. CT Page 10808
Defendant Peter Criscuolo has asserted that in identifying him as the agent of the defendant owner of the premises, the plaintiff has failed to allege facts that state a cause of action against him for injuries claimed to have been sustained because of the condition of the premises.
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152, Ferryman v. Groton212 Conn. 138, 142 (1989). A motion to strike admits all facts well pleaded; Cyr v. Brookfield, 153 Conn. 261, 263 (1965); and the allegations of the complaint are to be given the same favorable construction as a trier of fact would be required to give them in admitting evidence under them. Ferryman v. Groton, 212 Conn. 138,142; Benson v. Housing Authority, 145 Conn. 196, 199 (1958). If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action, the complaint is not vulnerable to a motion to strike. Bouchard v. People's Bank,219 Conn. 465, 471 (1991); Senior v. Hope, 156 Conn. 92, 97-98
(1968).
The plaintiff has alleged that defendant Peter Criscuolo had responsibility for maintaining and caring for the property where the plaintiff claims to have been injured (Complaint, para. 2), that he was aware that a gutter at the edge of a roof over a stairway was missing (Complaint, para. 15) and that the absence of the gutter caused ice to form on the stairway (Complaint, para. 16-17) and that his failure to repair the gutter and/or place sand over the ice that accumulated constituted negligent care of the premises that proximately caused the plaintiff's injury (Complaint, para. 18, 20).
It is clearly established that an agent who acts tortiously may be liable to the plaintiff for his participation in the negligence complained of, and he is not released from liability in such a situation simply because his actions are on behalf of another, Scribner v. O'Brien, 169 Conn. 389, 404 (1975); FirstNational Bank Trust Co. v. Manning, 116 Conn. 335, 340 (1933);Semple v. Morgenstern, 97 Conn. 402 (1922).
Since the plaintiff has alleged that Peter Criscuolo assumed a duty to maintain the premises, he has adequately alleged a duty of care and breach of that duty. His complaint states a cause of action against Peter Criscuolo. CT Page 10809
The motion to strike the Second Count of the Complaint is denied.
Beverly J. Hodgson Judge of the Superior Court