[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO DISMISS
The defendant moves to dismiss the complaint for lack of subject matter jurisdiction. He argues that the complaint seeks solely the enforcement of an award by an arbitrator who had no jurisdiction over the defendant. The plaintiff's replies that the complaint, drafted by the plaintiff pro se and filed in small CT Page 7195 claims, should be construed by the court as a claim of fraudulent misrepresentation.
A motion to dismiss for lack of subject matter jurisdiction may be filed at any time. Stroiney v. Crescent Lake Tax District,205 Conn. 290, 294 (1987); P.B. § 145."The authority of the arbitrator is a subject matter jurisdiction issue, and as such it may be challenged at any time prior to a final court judgment".Bennett v. Meader, 208 Conn. 352, 364 (1988). In deciding a motion to dismiss the court must consider the allegations of the complaint in their most favorable light. Savage v. Aronson,214 Conn. 256, 264 (1990).
The complaint has never been amended since its filing on April 28, 1995. Counsel appeared on behalf of the plaintiff in October 1995. The complaint reads as follows:
 Whereas, in response to the above named plaintiff's complaint filed in 1994 with the Connecticut Bar Association, a hearing held on January 23, 1995 before the Legal Fee Arbitration Board of that same Association found merit and proof in the plaintiff's charges of: 1) unreasonable fees, 2) unnecessary services, 3) unsubstantiated services, 4) unethical practices; and wherein the Board, upon review of the plaintiff's oral testimony and written documentation, found in favor of the plaintiff in the amount of $400; and wherein as of this date the plaintiff's written request for payment has gone unanswered by the defendant, the plaintiff is left with no option other than to seek redress through litigation.
The plaintiff cites Maturo v. Gerard, 196 Conn. 584 (1985) to support his claim that his action sounds in fraudulent misrepresentation. That case sets forth the elements of the cause of action as follows:
 "The essential elements of an action in fraud, as we have repeatedly held, are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury. Paiva v. Vanech Heights Construction Co., 159 Conn. 512, 515, 271 A.2d 69 (1970); Clark v. Haggard, 141 Conn. 668, [673,] 109 A.2d 358 (1954); Helming v. Kashak, 122 Conn. 641, 642, 191 A. 525 (1937); Bradley v. Oviatt, 86 Conn. 63, 67, 84 A. 321 (1912); Barnes
CT Page 7196 v. Starr, 64 Conn. 136, 150, 28 A. 980 (1894)." Miller v. Appleby, 183 Conn. 51, 54-55, 438 A.2d 811 (1981).
196 Conn. at 587.
None of those elements is present in this complaint. A fair reading of the complaint and accompanying documentation leads to the conclusion that the action was brought to enforce the award of the Connecticut Bar Association Legal Fee Arbitration Board. The affidavits attached to this motion and documentation accompanying the complaint also show that the defendant declined to consent to binding arbitration in the hearing before the Arbitration Board, so that under the rules of the Connecticut Bar Association Arbitration of Legal Fee Disputes there could be no enforcement of the award. Since it is undisputed that the defendant did not submit to the jurisdiction of the Connecticut Bar Association Committee for Arbitration of Legal Fee Disputes, the defendant's motion must be granted. Cashman v. Sullivan Donegan, P.C., 23 Conn. App. 24, 27 (1990) ("Arbitration is created by a contract between the parties, referred to as the agreement of submission. The written submission defines the powers of the arbitrator, and the parties are bound by the limits they have fixed. It is the submission that generally controls the parties' rights on judicial review.")
For the foregoing reasons, the motion to dismiss is granted.
DIPENTIMA, J.