[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, the Department of Transportation (hereinafter CT Page 10912 "DOT") and Lisa Fazzino, filed a motion to dismiss the five count complaint against them on a number of grounds. First, the DOT argues that the common law claims against it are barred by the doctrine of sovereign immunity. Next, defendant Fazzino argues that because she is sued in her official capacity, the common law counts against her should be dismissed because she, too, is protected by the doctrine of sovereign immunity and because she is not employer. Additionally, defendant Fazzino claims to be entitled to dismissal of Counts Two, Four and Five because they are insufficiently pleaded. The plaintiff neither filed a memorandum in opposition, nor appeared to argue against the defendant's motion. For reasons more fully set forth below, the defendants' motion to dismiss is granted as to allegations against the DOT in Counts One, Two, Four and Five and as to allegations against Fazzino in Counts One, Two, Three and Five.
The plaintiff seeks monetary damages from the defendants in this case. Count One alleges a breach of contract claim; Count Two claims fraud; Count Three is pleaded pursuant to Connecticut General Statutes § 46a-60; Count Four states a cause of action for Intentional Infliction of Emotional Distress; and Count Five sets forth a claim for Negligent Infliction of Emotional Distress.
In light of the plaintiffs failure to file a memorandum of law in opposition to the defendant's motion to dismiss as required by Practice Book § 10-13, this court could grant the defendants' motion to dismiss. It is no longer a requirement of the Practice Book, however, that a party who fails to timely file a memorandum of law in opposition to a motion to dismiss be deemed to have consented to the motion. Soiltesting, Inc. v.Berner, Superior Court, judicial district of New Haven, Docket No. 920039897S (November 4, 1992, McGrath, J.) (stating that "[t]he 1989 amendment to Sec. 143 appears calculated to allow courts the discretion to consider an objection that fails to comply with the five-day rule"); Afflerbach v. Furry, Superior Court, judicial district of Hartford, Docket No. 8903672075 (November 9, 1990, Hennessey, J.) Superior courts have not drawn the distinction between making an untimely filing and failing to make a filing;[1] therefore, this court will exercise its discretion and address the merits of the issues presented.
MOTION TO DISMISS
"A motion to dismiss . . . properly attacks the jurisdiction CT Page 10913 of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624, 461 A.2d 991 (1983). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v Peabody. N.E., Inc.,239 Conn. 93, 680 A.2d 1321 (1996).
SOVEREIGN IMMUNITY
"In Connecticut, we have long recognized the validity of the common-law principle that the state cannot be sued without its consent and that since the state can act only through its officers and agents a suit against a state officer is in effect one against the sovereign state." Horton v Meskill,172 Conn. 615, 623, 376 A.2d 359 (1977). "In the absence of legislative authority . . . we have declined to permit any monetary award against state or its officials." Doe v Heintz, 204 Conn. 17, 32
(1987).
There are three instances in which a state or its agents may be sued. These are when: (1) the state has expressly waived sovereign immunity through legislation or by consenting to suit; (2) an action merely seeks declaratory or injunctive relief based on a substantial claim of constitutional violation; or (3) an action seeks declaratory or injunctive reliefbased on a claim that an official exceeded his statutory authority. White v Burns,213 Conn. 307, 312 567 A.2d 1195 (1990); and Horton v Meskill, supra, 172 Conn. 624. The plaintiff did not obtain a consent to sue the state according to the allegations in her complaint. Therefore, without express statutory authorization, or unless the counts fall within one of the other two exceptions, the defendants' motion must be granted.
Breach of Contract: Count One
Count One of the plaintiffs complaint alleges a breach of contract. There is no statute that expressly waives the state's immunity to common law breach of contract actions. See Wilson v.State, Superior Court, Judicial District of Hartford-New Britain at Hartford, Docket No. 386665 (November 20, 1992, Aurigemma, J.) CT Page 10914 In Wilson, the court held that it was necessary for the Claims Commissioner to grant the plaintiff permission to sue the state for common law actions sounding in negligence and breach of contract because Connecticut General Statutes do not permit the plaintiff to file suit directly in superior court based on these causes of actions. Accordingly, the defendants' motion to dismiss this count is granted as to both the DOT and Frazzino.
Fraud: Count Two
The second count of the complaint alleges fraud. The plaintiff provides no reference to statutory authorization for this common law claim. The claims in that count do not implicate a constitutional violation. Thus, this count, too, should be dismissed as to the DOT.
The claim in the second count against Fazzino, however, states that she was deliberate and intentionally malicious in her fraudulent conduct. In her brief supporting her motion to strike, the defendant argued that this count should be stricken because "the plaintiff has failed to plead Fraud with specificity as is required." Defendants' Memorandum in Support of Motion to Dismiss, p. 10. There are a number of Superior Courts that have granted motions to dismiss as a result of finding that the claims were legally insufficient. Though this court does not view the issue as validly raised in this motion, this observation is not decisive because the court reads count two as sufficiently stating a legal cause of action for fraud for purposes of this motion.
"The essential elements of an action in fraud, as we have repeatedly held, are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury. Paiva v. Vanech Heights Construction Co.,159 Conn. 512, 515, 271 A.2d 69 (1970); Clark v. Haggard,141 Conn. 668, [673,] 109 A.2d 358 (1954); Helming v. Kashak,122 Conn. 641, 642, 191 A. 525 (1937); Bradley v. Oviatt, 86 Conn. 63, 67.84 A. 321 (1912); Barnes v. Starr, 64 Conn. 136, 150, 28 A. 980
(1894); Miller v. Appleby, 183 Conn. 51, 54-55, 438 A.2d 811
(1981)." Alvarez v Bender, Superior Court, judicial district of New Haven at Meriden, Docket No. 95 0249103 (July 29, 1997, Dipentima, J.) The second count provides the necessary elements of fraud for this court to decide this motion to dismiss. Therefore, the proffered argument, given in support of her motion CT Page 10915 to dismiss the second count, is without merit.
Under Connecticut law, the defendant may be liable to a plaintiff if there is an allegation that her actions exceeded her authority. "General Statutes § 4-165, entitled Immunity ofstate officers and employees from personal liability, provides in pertinent part: "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment.' A wilful or malicious injury is one caused by design. Wilfulness and malice alike import intent. . . . [Its] characteristic element is the design to injure, either actually entertained or to be implied from the conduct and circumstances.Sharkey v. Skilton, 83 Conn. 503, 507, 77 A. 950 (1923). Rogersv. Doody, 119 Conn. 532, 534, 178 A. 51 (1935). . . ." Hendersonv. Hoban, Superior Court, judicial district of New Haven, Docket No. 391352 (Jul. 10, 1998, Levin, J., 1998 Ct. Sup. 8065, 8067). Count two provides claims that the defendant acted "deliberately, outrageously and maliciously." These allegations assert behavior which falls outside of the scope of protection afforded by C.G.S. § 4-165. Consequently, the defendant may be liable to the plaintiff, if the count survives subsequent motions testing its sufficiency and merit. Therefore, Count Two is dismissed as to the State, but is not dismissed as to Fazzmo.
C.G.S. * 46a-60: Count Four
Count Three is based on § 46a-60. The plaintiff sought and obtained a right to sue the DOT from the Commission on Human Rights and Opportunities, therefore, this court may entertain the action against the state. However, the plaintiff also alleges wrongdoing on the part of Fazzino in this third count. This court concurs with the reasoning in Nwachukwu v Dept. of Labor, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 97-0573595 (December 17, 1997, Rittenband, J.) on the issue of whether or not a supervisor may be sued as an employer pursuant to § 46a-60. Because this court holds that legally, defendant Fazzino is not an employer under the terms of the statutes, and because the state is liable for her actions, the plaintiff may not maintain this action against Fazzino. Thus, the court lacks jurisdiction to entertain an action against her in her official capacity and count three should be dismissed as to Fazzino.
Intentional Infliction of Emotional Distress: Count Four
CT Page 10916
Count Four alleges intentional infliction of emotional distress. "A claim that the defendants intentionally inflicted emotional distress on the plaintiff, a co-worker, is a claim that they acted in excess of their statutory authority. . . . [A] person liable for intentional infliction of emotional distress may not avail herself of the sovereign immunity afforded by General Statutes § 4-165" Henderson, supra. In the instant matter, the complaint alleges that "the defendants committed actions that were extreme and outrageous and/or made with the intention of causing the plaintiff to suffer emotional distress." Construing the complaint in the light most favorable to the plaintiff, this court finds that she has pleaded actions which are not immunized by the doctrine of sovereign immunity. Therefore, the defendant's motion to dismiss the claim against defendant Fazzino is denied.
Negligent Infliction of Emotional Distress: Count Five
Finally, the fifth count is negligent infliction of emotional distress. This count must be dismissed as to both defendants because it does not fall within any of the exceptions to the sovereign immunity doctrine.
CONCLUSION
All of the counts in the complaint, except for Count Three, are based on common law claims. Each of the counts, also, seeks money damages. Only Counts Two and Four allege extreme and outrageous intentional conduct. Thus, Counts Two, Three and Four fall within one of the three exceptions allowing suits against the state or against state agents.
Consequently, the court lacks jurisdiction to entertain Counts One, Two, Four, and Five against the DOT and Counts One, Three and Five against defendant Fazzino. Those counts are to be dismissed.
Angela Carol Robinson, Judge, Superior Court