[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 14824
This is an action brought by the plaintiff, Diane E. Wilson, against the defendants for breach of a rental agreement, and fraud or fraudulent misrepresentation. The plaintiff obtained judgments against the named defendant, Dale Biscoglio, and a second defendant, Kimberly Doak, on December 21, 1998. The plaintiff tried her action in fraud against the remaining defendant, Terrance Finnegan, to the court on October 4, 2001. Mr. Finnegan filed an appearance on his own behalf in this action, and was sent a notice of the court trial, however, he was not present during the proceeding.
FACTS
In September, 1997, the defendant, Dale Biscoglio, completed a "rental application" for property owned by the plaintiff, Diane Wilson. On the application, Mr. Biscoglio stated that his current landlord was Terrance Finnegan, whose address and phone number were also listed on the document. The plaintiff called the defendant, Terrance Finnegan, on September 16, 1997 and requested a reference pertaining to her prospective tenants, Dale Biscoglio and Kimberly Doak. Mr. Finnegan told her that he was their landlord; that they were very good tenants and that they paid their rent on time.
Based on this representation, Ms. Wilson rented the property to the defendants, Biscoglio and Doak, who failed to pay rent for the months of April, May, June and July, 1998. Subsequently, the plaintiff learned that Terrance Finnegan was not the landlord of the two other defendants, but rather the owner of The Factory Pub and Restaurant where one of them was employed.
Pursuant to the Connecticut Code of Evidence §§ 2-1 and 2-2, the court takes judicial notice of the judgment rendered against the defendants, Dale Biscoglio and Kimberly Doak on December 21, 1998, and corrected on January 27, 1999. In that judgment, the court determined the amount owing to Ms. Wilson as a result of this claim to be $3221.78. To date, however, the plaintiff has been unable to collect payment on that judgment.
DISCUSSION
"The essential elements of an action in fraud, as we have repeatedly held, are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury." Miller v. Appleby, CT Page 14825183 Conn. 51, 54-55, 438 A.2d 811 (1981), citing: Paiva v. Vanech HeightsConstruction Co., 159 Conn. 512, 515, 271 A.2d 69 (1970); Clark v.Haggard, 141 Conn. 668, [673,] 109 A.2d 358 (1954); Helming v. Kashak,122 Conn. 641, 642, 191 A. 525 (1937); Bradley v. Oviatt, 86 Conn. 63,67, 84 A. 321 (1912); Barnes v. Starr, 64 Conn. 136, 150, 28 A. 980
(1894).
The plaintiff has met her burden of proof on each of these elements by clear and convincing evidence. The defendant, Terrance Finnegan, posed as the landlord of the defendants. Biscoglio and Doak. He provided the plaintiff with information regarding these defendants that he knew to be false, for the purpose of inducing Ms. Wilson to rent her property to them. The plaintiff relied on this information when she decided to rent the property to Biscoglio and Doak, and she suffered a financial loss as a result of that decision.
For the above reasons judgement may enter for the plaintiff in the amount of $3221.78.
CAROL A. WOLVEN JUDGE OF THE SUPERIOR COURT